# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

B & H CONSTRUCTION, et al.,

    Plaintiffs,

v.                                                         No. CIV 99-549 WJ/RLP

TED L. PARKER & ASSOCIATES, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court pursuant to Plaintiffs' Motion to Remand [Docket No. 28], Defendant Parker's Motion to Dismiss [Docket No. 23], and Defendants' Motion to Strike Jury Demand [Docket No. 33].

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiffs filed their Complaint for Breach of Contract and Bad Faith in the State of New Mexico Fifth Judicial District Court on April 15, 1999. Defendant Ted L. Parker & Associates (Parker) filed a Notice of Removal on May 14, 1999. All of the motions at issue here were filed in August 1999. Subsequent to the filing of these motions, all parties have been dismissed from the case with the exception of Plaintiff B&H Construction (B&H) and Defendant Parker.

**DISCUSSION**

I      PLAINTIFFS' MOTION TO REMAND

Plaintiffs' Motion to Remand asserts that the case should be remanded to state court based on defects in the removal procedure and based on this Court's lack of subject matter jurisdiction.

        A.      <u>Do Procedural Defects in the Removal Warrant Remand?</u>

Defendant filed its notice of removal on May 19, 1999. Plaintiff filed its motion to remand on August 9, 1999. 28 U.S.C. § 1447(c) states that a motion to remand a case on the basis of any defect other than the lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal. The Tenth Circuit has made clear that a procedural defect in removal does not involve the subject matter jurisdiction of the court. <u>Huffman v Saul Holdings Ltd. P'ship</u>, 194 F.3d 1072, 1077 (10th Cir. 1999). Therefore, any defect in the removal procedures in this case was waived by Plaintiff when it failed to file a motion to remand within 30 days of the filing of the notice of removal.

  B  <u>Should this Case be Remanded for Lack of Subject Matter Jurisdiction?</u>

Defendant's notice of removal alleged subject matter jurisdiction on the basis of diversity under 28 U.S.C. § 1332 and on the basis of federal question jurisdiction under 28 U.S.C. § 1331. It is the obligation of the removing party to establish the subject matter jurisdiction of this Court. <u>Huffman</u>, 194 F.3d at 1079; <u>United States v Bluewater-Toltec Irrigation Dist.</u>, 580 F.Supp. 1434, 1440 (D.N.M. 1984). I find that Defendant has failed to establish subject matter jurisdiction based on diversity under 28 U.S.C. § 1332, but has established subject matter jurisdiction based on federal question jurisdiction under 28 U.S.C. § 1331. Thus, Plaintiffs' Motion to Remand must be denied.

    1.  <u>Defendant Has Not Established the Subject Matter Jurisdiction of this Court Based on Diversity of Citizenship Under 28 U.S.C. § 1332</u>

Plaintiff asserts that this Court lacks subject matter jurisdiction based on Diversity of Citizenship. Even assuming that only the citizenship of parties remaining in the case is relevant, Defendant's notice of removal does not sufficiently establish the diversity of citizenship of the

2

parties as a matter of law. Plaintiff B&H and Defendant Parker are both corporate entities.[1] The citizenship of a corporation for purposes of diversity is deemed to be that of the State in which the entity is incorporated and of the State where the entity has its principal place of business. 28 U.S.C. § 1332(c)(1). The notice of removal asserts that Plaintiff B&H is a New Mexico corporation and Defendant Parker is "principally located in Lubbock, Texas." See Notice of Removal ¶ 3. Neither of these assertions adequately establishes the citizenship of these corporate entities for purposes of diversity.[2] Thus, Defendant Parker as the removing party has failed to meet its burden of establishing the subject matter jurisdiction of this Court based on diversity of citizenship under 28 U.S.C. § 1332.

        2.        <u>Defendant Has Established the Subject Matter Jurisdiction of this Court Based on Federal Question Jurisdiction Under 28 U.S.C. § 1331</u>

Before preemption will be found, three requirements must be met: there must be a state law, an employee benefit plan, and the state law must relate to the employee benefit plan. Airparts Co. v Custom Benefit Serv. of Austin, Inc., 28 F.3d 1062, 1064 (10th Cir. 1994). There is no simple test for determining when a law relates to a plan. Id. The Tenth Circuit has recognized that state common law claims that provide remedies for misconduct growing out of the administration of an ERISA plan are preempted by ERISA. Id. at 1065.

---

[1] See "Answer of Defendant American Fidelity Assurance Company and Counterclaim Against B&H Construction and Maintenance" ¶ 2 of the counterclaim and "Answer of B&H Construction and Maintenance to Counterclaim of American Fidelity Assurance Company" ¶ 1 (admitting B & H's corporate status); "Answer to Complaint" filed by Defendant Ted L. Parker & Associates, Inc. in which this Defendant makes clear, in the introductory paragraph, that it is a corporation.

[2] The Court notes that the Notice of Removal also fails to adequately allege the citizenship of any other party besides Plaintiff Bobby Winegeart.

Not all state law claims such as Plaintiff's are preempted by ERISA. Hospice of Metro Denver, Inc. v Group Health Ins. of Okla. Inc., 944 F.2d 752, 756 (10th Cir. 1991). ERISA has no bearing on those claims which do not affect the relations among the principal ERISA entities including the employer, the plan, the plan fiduciaries and the beneficiaries. Id. Similarly, actions that affect the relations between one or more of these entities and an outside party escape preemption. Airparts, 28 F.3d at 1065. While the scope of ERISA preemption may be broad, it is not boundless. Woodworker's Supply, Inc. v Principal Mutual Life Ins. Co., 170 F.3d 985, 989 (10th Cir. 1999) (citing Monarch Cement Co. v Lone Star Indus. Inc., 982 F.2d 1448, 1452 (10th Cir. 1992)).

In this case, there is state law, namely the common law claims put forth by Plaintiff in its Complaint. There is also an employee benefit plan; Plaintiff's Complaint makes clear that Plaintiff B&H provided health care benefits to its former employee Mr. Winegeart through a health care plan. Complaint ¶ 17. The health care plan was administered by Defendant Parker. Complaint ¶ 18. The only remaining issue, then, is whether the state law relates to the plan.

It is important to note that there have been significant changes in this case with respect to the parties. When this case was originally filed, Plaintiffs were B&H and Bobby Winegeart. B&H had been Mr. Winegeart's employer, and had provided an employee health plan to provide benefits to Mr. Winegeart. Complaint ¶¶ 2, 17. The Defendants at the time of filing included Parker, Southland Life Ins. Co., KCS Management, Inc., and American Fidelity Life Ins. Defendant Parker was the administrator of the employee health plan provided by B&H. Complaint ¶ 18. Defendants Southland and American Fidelity had reinsurance contracts with B&H to reimburse employee health plan benefit expenses.

4

It is unclear to this Court, based on the facts available, whether Defendants Southland and American Fidelity were providing plan benefits within the scope of ERISA or whether these Defendants would be considered third parties such that state claims affecting the relations between them and the ERISA entities might not have been preempted in accordance with Airparts. However, this issue is academic at this point in the case because neither of these Defendants nor Defendant KCS remain in the case.[3] What is clear is that the remaining parties to the case, employer B&H and plan administrator Parker, are clearly ERISA entities in accordance with Airparts.

This case, then, involves a suit by an employer against a plan administrator for misconduct in administering an employee health plan. This is precisely the type of claim that is preempted by ERISA. See Woodworker's Supply, Inc. v Principal Mutual Life Ins. Co., 170 F.3d 985 (10th Cir. 1999) (noting that ERISA would bar state law claims of employer against insurer for conduct after the effective date of the plan). Therefore, ERISA preempts Plaintiff's state claims and this Court has subject matter jurisdiction over the case pursuant to 28 U.S.C. § 1331.

II. DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Defendant Parker argues that Plaintiff's Complaint fails to state a claim upon which relief can be granted. The essence of Defendant's argument is that, because ERISA preempts state law claims, Plaintiff's Complaint attempts to do the impossible by alleging state claims and thus fails to state a cause of action. Additionally, Defendant argues that Plaintiff fails to state a claim because the relief Plaintiff requested for its state claims is not available for ERISA claims.

---

[3]Plaintiff Winegeart is also no longer in the case. Plaintiff asserts that this affects the preemption analysis.

It seems somewhat disingenuous for Defendant to have asked this Court to reinterpret Plaintiff's claims as alleging a cause of action under ERISA in order to support the removal of the case based on federal question jurisdiction and to then ask the Court to ignore that interpretation and find that Plaintiff has failed to allege any type of cognizable claim. Even if the Court were to find that dismissal was appropriate, it would not, as Defendant requests, dismiss Plaintiff's claims with prejudice. This Court adopts the approach taken by Judge Mechem in Nechero v Provident Life & Accident Insurance Company, 795 F.Supp. 374, 376 (D.N.M. 1992). Plaintiff is given 30 days from the filing of this order to amend its Complaint to frame its cause of action under the civil enforcement provisions of ERISA.

III. DEFENDANTS' MOTION TO STRIKE JURY DEMAND

Defendant argues that Plaintiff is not entitled to a jury in an ERISA case and cites cases from several jurisdictions. Plaintiff appears to concede that, if its claims are preempted by ERISA, it is not entitled to a jury trial.[4] Thus, Plaintiff's jury demand will be stricken.

**CONCLUSION**

IT IS THEREFORE ORDERED that Plaintiffs' Motion to Remand [Docket No. 28] is DENIED.

IT IS FURTHER ORDERED that Defendant Parker's Motion to Dismiss [Docket No. 23] is DENIED.

IT IS ADDITIONALLY ORDERED that Plaintiff has leave to file an amended complaint by April 29, 2002 to frame its cause of action under the civil enforcement provisions of ERISA.

---

[4] It appears that the Tenth Circuit and the District of New Mexico have never directly addressed the issue whether an ERISA claimant is entitled to a jury. See Nechero v Provident Life & Accident Ins. Co., 795 F.Supp 374 (D.N.M. 1992).

FAILURE OF PLAINTIFF TO AMEND ITS COMPLAINT BY APRIL 29, 2002 SHALL RESULT IN THE COURT ENTERING AN ORDER OF DISMISSAL.

IT IS FINALLY ORDERED that Defendants' Motion to Strike Jury Demand [Docket No. 33] is GRANTED.

_____
UNITED STATES DISTRICT JUDGE